# EXHIBIT 2

Banner Health
2901 N. Central Avenue, Suite 160
Phoenix, Arizona 85012

October 21, 2026

Via Email: PartCandDStarRatings@cms.hhs.gov

Gerard J. Mulcahy
Director, Medicare Drug & Health Plan Contract Administration Group
Vanessa S. Duran
Director, Medicare Drug Benefit and C & D Data Group
Jennifer Lazio
Director, Parts C & D Actuarial Group
Shruti Rajan
Acting Director, Medicare Plan Payment Group

Centers for Medicare & Medicaid Services ("CMS")
U.S. Department of Health and Human Services
7500 Security Boulevard
Baltimore, MD 21244

Subject: Request for Relief for H5843's 2026 and 2027 Star Ratings

Dear Mr. Mulcahy, Ms. Duran, Ms. Lazio, and Ms. Rajan:

Banner Health writes to request a redetermination of Banner Health's 2026 and 2027 Star Ratings for its contract H5843 without the inclusion of certain unlawful measures identified on Exhibit A for each year.

The inclusion of those unlawful measures identified on Exhibit A has caused Banner Health's contract H5843 to receive a 3.5 Star Rating instead of at least a 4.0 Star Rating for 2026 and a 3.0 Star Rating instead of at least a 4.0 Star Rating for 2027. Banner Health has and will continue to suffer competitive and significant financial harm due to the inclusion of these particular measures in determining this contract's Star Ratings for 2026 and 2027.

**I. Measures Based on Data Not Collected under 42 U.S.C. § 1395w-22(e)**

Under 42 U.S.C. § 1395w-23(o)(4)(A), Congress restricted the data on which CMS's Star Ratings may be based to data that a Medicare Advantage Organization ("MAO") provides for the collection, analysis, or reporting as part of its quality improvement program (requiring Star Ratings to be based on "data collected under section 1395w-22(e) of this title"). In *Clover Insurance Company v. Department of Health & Human Services*, the court held that § 1395w-23(o)(4)(A) requires that "CMS may *only* base its quality rating calculations on measures using data collected under 42 U.S.C. § 1395w-22(e)." 2026 WL 1483515, at *14 (S.D. Ga. 2026) (emphasis in original).

In addition, CMS itself took action with respect to the 2027 Quality Bonus Payment ("QBP")

ratings pursuant to a HPMS Memorandum, titled "Update to 2027 Quality Bonus Payment Determinations," issued on June 17, 2026, under which it announced that it recalculated 2027 QBP Ratings, removing measures that CMS determined did not use data collected under 42 U.S.C. § 1395w-22(e).

Banner Health's contract H5843 did not benefit from that recalculation. And to Banner Health's knowledge, CMS did not remove unlawful measures in calculating the 2027 Star Ratings. Instead, CMS based the 2027 Star Ratings for Banner Health's contract H5843 on measures that are based on data not collected under Section 1395w-22(e). CMS's inclusion of certain of these unlawful measures in this contract's Star Ratings for 2026 and 2027 has caused and will continue to cause harm to Banner Health. Banner Health respectfully requests that CMS recalculate 2026 Star Ratings and 2027 Star Ratings for contract H5843 without the measures identified on Exhibit A.

## II. Notice and Comment Failure

In addition, CMS has included in Banner Health's 2026 and 2027 Star Ratings measures that were not promulgated "by regulation" as required by 42 U.S.C. § 1395hh(a)(2). Under 42 U.S.C. § 1395hh(a)(2), any "rule, requirement, or other statement of policy . . . [that] establishes or changes a substantive legal standard governing the scope of benefits, the payment for services, or the eligibility of individuals, entities, or organizations to furnish or receive services or benefits," must be promulgated "by regulation." In *Clover*, the court held that a set of ten measures were procedurally invalid because CMS never promulgated those measures by regulation as required by 42 U.S.C. § 1395hh(a)(2). 2026 WL 1483515, at *22-25.

Here, CMS has included in Banner Health's contract H5843 2026 and 2027 Star Ratings measures that were not promulgated by regulation as required. "Because CMS did not undertake the required notice-and-comment rulemaking" with respect to the measures identified on Exhibit A, the manner in which Banner Health's 2026 and 2027 Star Ratings were calculated "is procedurally invalid" and requires recalculation without the invalid measures. *Clover*, 2026 WL 1483515, at *25. CMS's inclusion of the measures identified in Exhibit A in this contract's 2026 and 2027 Star Ratings has caused and will continue to cause harm to Banner Health. Banner Health respectfully requests that CMS recalculate 2026 and 2027 Star Ratings for contract H5843 without the measures identified on Exhibit A.

Banner Health respectfully requests a response to this request by 5:00 p.m. Eastern Time on Friday, October 30, 2026 and reserves all rights with respect to the matters described herein.

Respectfully submitted,

Paula Shepherd

Paula A. Shepherd
Senior VP, COO Banner Plans & Networks

**Exhibit A**

**Banner Health Contract H5843**

Banner Health respectfully requests a recalculation of the 2026 and 2027 Star Ratings for Banner Health's contract H5843 without including the following measures:

- C04 - Improving or Maintaining Physical Health
- C11 - Diabetes Care, Eye Exam
- C15 - Reducing the Risk of Falling
- C19 (C18*) - Statin Therapy for Patients with Cardiovascular Disease
- C22 (C21*) - Getting Needed Care
- C23 (C22*) - Getting Appointments and Care Quickly
- C25 (C24*) - Rating of Health Care Quality
- C26 (C25*) - Rating of Health Plan
- C27 (C26*) - Care Coordination
- C32 (C31*) - Reviewing Appeals Decisions

*Reflects 2027 Star Rating Measure ID.